UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOGGERHEAD TOOLS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 12-cv-9033 |
| v. | ) |
| | ) Judge John W. Darrah |
| SEARS HOLDINGS CORPORATION | ) |
| and APEX TOOL GROUP, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff LoggerHead Tools, LLC filed a Motion to Exclude Sears Holdings Corporation's Untimely Document Production [249] on May 28, 2016. The motion requests an order excluding certain documents produced by Sears Holdings Corporation ("Sears") from use in summary judgment or at trial and striking all references to and reliance on those documents in the Rebuttal Expert Report of Louis G. Dudney. For the reasons set forth below, Plaintiff's Motion [249] is granted.

## BACKGROUND

On April 15, 2016, LoggerHead filed its opening expert report on damages by Christopher J. Bokhart. On May 11, 2016, Defendants served their rebuttal expert report on damages by Louis G. Dudney. Along with the rebuttal, Defendants produced the documents that Dudney relied on in creating the rebuttal report. The documents consisted of financial records reflecting Sears' expenses in advertising the accused product on Direct Response TV ("DRTV"). Expert discovery closed on May 20, 2016.

**LEGAL STANDARD**

Under the Federal Rules of Civil Procedure ,a party must disclose, among other things "a copy − or a description by category and location − of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii).  The parties also have a continuing duty to supplement disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A).  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  "[T]he exclusion of non-disclosed evidence is automatic and mandatory . . . unless non-disclosure was justified or harmless."  *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004).

**ANALYSIS**

Plaintiff alleges that Sears produced over 1,000 pages[1] of previously undisclosed documents that Sears' expert relied on when making his rebuttal report.  Plaintiff argues that these documents should be excluded, and the portions of the rebuttal report which rely on the documents struck, because the allegedly untimely production is unduly prejudicial and Sears has no justification for the delay.

---

[1] The actual number of pages is disputed but does not affect the analysis.

*Duty to Disclose*

Sears' first argument is that it did not have a duty to disclose the material prior to the rebuttal report, or that the non-disclosure was justified. In its Second Set of Requests for Production, Plaintiff sought production of "all documents and things that discuss, refer, or relate to allocation of costs . . . to the purchasing, importation, manufacture, production, distribution, and/or sale of Accused Products." (Dkt. 249-7, p. 3.) In its First Set of Requests for Production, Plaintiff sought all documents "relating to the marketing, advertising, or promotion of the Accused Product." (Dkt. 249-5, p. 9.) The documents produced by Sears, specifically the DRTV advertising expenses, clearly fall under the requests.[2]

Sears argues that the spreadsheets containing DRTV advertising expenses are in e-mails or attachments, and they are excused because the documents did not come up under the agreed search terms. Under the Patent Local Rules for Electronically Stored Information, e-mail production requests are generally limited to five custodians per producing party and five search terms per custodian. LPR ESI 2.6(d), (e). However, that rule specifically addresses requests to produce "email or other forms of electronic correspondence (collectively "email")." LPR ESI 2.6(a). The rule does not state that those limitations are applicable to any document contained within e-mail. That the spreadsheets may have been included in e-mails does not relieve Sears of their duty to produce responsive discovery under Rule 26.[3]

Sears also argues that the spreadsheets were not required to be disclosed because the calculation used by Bokhart is based off of Plaintiff's theory of damages. Sears argues that,

---

[2] Sears' argument that none of the requests specifically ask for the accused product TV data is unpersuasive.

[3] Furthermore, the implicit argument that the spreadsheets only existed in e-mails is dubious.

under Rule 26, they are only required to disclose materials that it "may use to support its claims or defenses." Fed. R. Civ. P. 26(a). The materials for Sears' calculation of damages may be used to support its claims or defenses on the issue of damages. Furthermore, under Rule 26(e), "a party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, *request for production*, or request for admission – must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A) (emphasis added). Sears clearly knew that their response to Plaintiff's requests for production was incomplete at the time they received Bokhart's expert report on damages. Further, on September 15, 2015, Plaintiff told Sears that it considered the document production to be insufficient due to a lack of information on certain costs, such as selling expenses, and asked for pertinent documents. *See* (Dkt. 352-8.) Sears' argument that Plaintiff should have asked for these documents specifically is unavailing, as Plaintiff did ask for them. It is not disputed that Sears had the information before Bokhart's report was prepared.

Sears then argues that Bokhart's calculation of DRTV costs was a new argument that the DRTV data responds to. Sears argues that the DRTV data was properly disclosed after Bokhart's report as a response to the assumptions that he made. But the case that Sears cites, *Premium Plus Partners, L.P. v. Davis*, 653 F. Supp. 2d 855, 873 (N.D. Ill. 2009), discusses a new argument in a rebuttal report that was in direct response to the expert witness report. Here, there is no new argument by an expert, the DRTV data already existed and should have been disclosed. The documents should have been disclosed pursuant to Rule 26, and Sears has not shown that the failure to disclose the documents was justified.

4

*Prejudice*

Sears also argues that there was no prejudice to Plaintiff. Plaintiff claims that it no longer has the opportunity to propound additional discovery requests, depose witnesses, and address the data in an expert report. Whether non-compliance with Rule 26 is harmless is determined by looking at several factors:

> (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.

*Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). As an initial matter, "[a]ltering the financial information on which [Plaintiff's] expert's opinions rest at this late stage in the litigation would undoubtedly prejudice [Plaintiff]." *Sys. Dev. Integration, LLC v. Computer Scis. Corp.*, No. 09-CV-4008, 2012 WL 2953063, at *3 (N.D. Ill. July 19, 2012). The ability to cure the prejudice is limited since expert discovery closed on May 20, 2016, and the trial is scheduled for October 24, 2016. Willfulness is evident by the fact that these documents were not produced despite several requests by Plaintiff. Sears has not shown that its failure to disclose the documents was harmless.

## **CONCLUSION**

For the reasons discussed above, Plaintiff's Motion to Exclude Sears Holdings Corporation's Untimely Document Production [249] is granted.

Date: September 20, 2016  /s/ John W. Darrah
U.S. District Court Judge