UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOGGERHEAD TOOLS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 12-cv-9033 |
| v. ) | |
| ) | Judge John W. Darrah |
| SEARS HOLDINGS CORPORATION ) | |
| and APEX TOOL GROUP, LLC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff LoggerHead Tools, LLC ("LoggerHead"), filed a Second Amended Complaint against Defendants Sears Holdings Corporation ("Sears") and Apex Tool Group, LLC ("Apex"), alleging against Sears, *inter alia*, claims under the Lanham Act § 43(a), Count VII; the Illinois Consumer Fraud and Deceptive Practices Act, Count VIII; the Uniform Deceptive Trade Practices Act, Count IX; and Illinois Common Law Unfair Competition, Count XIV. Sears filed a Motion for Summary Judgment [255] on those counts. For the reasons set forth more fully below, Sears' Motion for Summary Judgment [255] is granted.

**LOCAL RULE 56.1**

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires the nonmoving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). A nonmovant's "mere disagreement with the movant's asserted facts is inadequate if made without reference to specific

supporting material." *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). In the case of any disagreement, the nonmoving party must reference affidavits, parts of the record, and other materials that support his stance. Local Rule 56.1(b)(3)(B). To the extent that a response to a statement of material fact provides only extraneous or argumentative information, this response will not constitute a proper denial of the fact, and the fact is admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005). Similarly, to the extent that a statement of fact contains a legal conclusion or otherwise unsupported statement, including a fact that relies upon inadmissible hearsay, such a fact is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). Pursuant to Local Rule 56.1(b)(3)(C), the nonmovant may submit additional statements of material facts that "require the denial of summary judgment."

## BACKGROUND

The following facts are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.

Plaintiff is an Illinois limited-liability company based in Palos Park, Illinois. (DSOF ¶ 1.) Sears is a Delaware corporation based in Hoffman Estates, Illinois. (*Id.* ¶ 2.) Apex is a corporation based in Sparks, Maryland. (*Id.* ¶ 3.) LoggerHead sells a hand tool known as the Bionic Wrench. (*Id.* ¶ 1.) Sears retailed the Bionic Wrench in its stores starting in 2009. (*Id.* ¶ 5.) In February 2012, Sears began talks with Apex to create and retail a Bionic Wrench replacement to be sold under the Sears Craftsman brand. (PSOF, ¶ 17.) Apex sent LoggerHead's '579 Patent for the Bionic Wrench to a patent lawyer, John Owen. (*Id.* ¶ 18.) Owen identified another patented tool, Buchanan, U.S. Patent No. 2,787,925, that Apex could model a replacement wrench after. (*Id.* ¶ 19.) Owen reported to Apex that using the Buchanan design would not infringe on LoggerHead's patents. (*Id.* ¶¶ 19, 23.) In September 2012, Sears

began retailing the Max Axess Locking Wrench ("MALW"), which was supplied by Apex. (DSOF, ¶ 6.)

In direct to consumer ("DRTV") advertising for the MALW, Sears stated: "[i]f you want maximum versatility in a single wrench, then you'll love the latest innovation from Craftsman, the Max Axess Locking Wrench." (PSOF, ¶ 1.) The product packaging for the MALW shows a picture of the wrench, the term "Unique Design," and, underneath that, the phrase "Adapts to a wide range of fastener sizes and grips fasteners on all sides to prevent rounding." (*Id.* ¶ 2.) The packaging also contains a dotted line going from the writing to the picture of the wrench. (*Id.*) On November 14, 2012, Sears issued a press release regarding their sale of the MALW. (DSOF, ¶ 7.)

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Courts deciding summary judgment motions must view facts "in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of establishing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "[t]he nonmoving party must point to specific facts showing that there is a genuine issue for trial." *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009). Factual disputes do "not preclude summary judgment when the dispute does not involve a material fact." *Burton v. Downey*, 805 F.3d 776,

783 (7th Cir. 2015). The evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson*, 477 U.S. at 248).

## ANALYSIS

### *Count VII: Lanham Act*

In Count VII, LoggerHead alleges Sears engaged in false advertising under the Lanham Act, § 43(a). Specifically, LoggerHead alleges that, during Sears' promotion of the MALW, Sears falsely advertised: (1) on portions of the MALW's product packaging; (2) with statements made in a DRTV commercial; and (3) with statements contained in a press release Sears published on its website. The Lanham Act imposes civil liability for unfair competition by deceptive advertising or labeling. *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 134 S. Ct. 1377, 1395 (2014). Deceptive advertising means "representing that goods or services possessed characteristics that they did not actually have." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 112 S. Ct. 2753, 2762 (1992).

> For a false or deceptive advertising claim under the Lanham Act, a plaintiff must prove:
>
> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a loss of goodwill associated with its products.

*Hot Wax, Inc. v. Turtle Wax, Inc.,* 191 F.3d 813, 819-20 (7th Cir. 1999).

False statements of fact include "statements of literal falsity as a factual matter, and claims that may be literally true or ambiguous, but which implicitly convey a false impression, are misleading in context, or likely to deceive consumers." *Id.* at 820. Literal falsehood are

4

"bald-faced, egregious, undeniable, over the top" and do not require evidence of consumer confusion. *Schering-Plough Healthcare Products*, *Inc. v. Schwarz Pharma, Inc*., 586 F.3d 500, 512, 513 (7th Cir. 2009). Literally true or ambiguous statements that are misleading or deceptive require evidence of consumer confusion. *Abbott Laboratories v. Mead Johnson & Co*., 971 F.2d 6, 13 (7th Cir. 1992). In summation, "a plaintiff must show that the challenged advertisement is literally false, or, if literally true or ambiguous, that it is 'misleading in context, as demonstrated by actual customer confusion.'" *Dyson, Inc. v. Bissell Homecare, Inc.*, 951 F. Supp. 2d 1009, 1028 (N.D. Ill., 2013) (quoting *BASF Corp. v. Old World Trading Co., Inc.*, 41 F.3d 1081, 1089 (7th Cir. 1994)).

However, not all literally false statements are deceptive or actionable under the Lanham Act. *Schering-Plough*, 586 F.3d at 512. "Statements that either refer to a product in such blustery, exaggerated terms that no consumer would rely on them as truthful, . . . , or that make a general claim of superiority so vague as to be incapable of being proved or disproved, are known as 'puffery' and are non-actionable under the Lanham Act." *Martin v. Wendy's Int'l, Inc.*, No. 15 C 6998, 2016 WL 1730648, at *7 (N.D. Ill. May 2, 2016) (citing *Procter & Gamble Co. v. Kimberly-Clark Corp.*, 569 F. Supp. 2d 796, 799 (E.D. Wis. 2008)). Since not all literally false statements are deceptive, the statement must be viewed in context. *Schering-Plough*, 586 F.3d at 512 (". . . text must yield to context.").

Product Packaging

LoggerHead alleges that the retail product packaging for the MALW contains statements that are both literally false and misleading when read in context. LoggerHead argues that four items, when taken in context, create a literal falsehood: (1) the "Unique Design" statement,

5

(2) "Adapts to a wide range of fastener sizes and grips fasteners on all sides to prevent rounding" statement, (3) the illustration of the MALW and (4) the white line connecting them.



LoggerHead argues that since the MALW copies its design from the Bionic Wrench, it is not unique. Therefore, the statement "Unique Design" is literally false. Underneath "Unique Design," the packaging states: "Adapts to a wide range of fastener sizes and grips fasteners on all sides to prevent rounding." Additionally, a white line connects "Unique Design" with a picture of the MALW's tool head. LoggerHead claims that the phrases and the illustration, connected by a line, transform the statements from a general description into a literal falsehood. Sears states that "Unique Design" is a subjective statement, opinion, or mere puffery and cannot be proved false. Additionally, Sears argues the phrase "Adapts to a wide range of fastener sizes and grips fasteners on all sides to prevent rounding" is an indisputably true statement. (*Id.* at 9.)

6

A literal falsehood is "indisputably false" or "bald-faced, egregious, undeniable, [and] over the top." *Schering-Plough*, 586 F.3d at 512, 513. "Unique" is defined as: "being the only one; being without a like or equal; unusual." *Unique*, Merriam-Webster.com, http://www.merriam-webster.com/dictionary/unique. Some courts have stated that any ambiguity means that a statement cannot be literally false. *See Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 275 (4th Cir. 2002) ("[b]ecause the graphic can reasonably be understood as conveying different messages, [Plaintiff's] literal falsity argument must fail."); *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 158 (2d Cir. 2007) ("if the language or graphic is susceptible to more than one reasonable interpretation, the advertisement cannot be literally false"). Regardless, it is not "indisputably false" that the MALW is a unique product given that there are admitted differences between the MALW and the Bionic Wrench.

Even if it were a literally false statement, the term "unique" has previously been deemed a general statement, and mere "puffery," by several courts. *See Appliance Recycling Centers of Am., Inc. v. JACO Envtl., Inc.*, 378 Fed. App'x 652, 654 (9th Cir. 2010) (holding competitor's statement that its method for recycling appliances was "unique" with "unprecedented" results was non-actionable puffery); *Allied Erecting and Dismantling Co., Inc. v. Genesis Equip. & Mfg., Inc.*, 649 F. Supp. 2d 702, 725 (N.D. Ohio 2009) ("unique" constitutes "a general claim of superiority"); *Autodesk, Inc. v. Dassault Systemes SolidWorks Corp.*, C08-04397 WHA, 2008 WL 6742224, at *3 (N.D. Cal. Dec. 18, 2008) ("unique capability" to help maintain "compatibility" is a general claim of superiority and puffery). The term "Unique Design" by itself, is not literally false.

However, even if "Unique Design" is not a literal falsehood, a statement may be misleading when it implies something false. *Mead Johnson & Co. v. Abbott Labs.*, 209 F.3d

7

1032, 1034 (7th Cir. 2000). When combined with the statement on adaptability and the white line connecting the writing to a picture of the MALW, the phrase "Unique Design" may give a false implication. However, whether a statement conveys a false impression or is misleading in context must be "demonstrated by actual consumer confusion." *Abbott Labs.*, 971 F.2d at 13. Plaintiff has not presented any evidence of actual consumer confusion.[1] The product packaging is not "literally false" and LoggerHead has not shown evidence of consumer deception. LoggerHead cannot satisfy the first and second elements of its Lanham Act Claim with regard to the product packaging.

### DRTV Commercial

LoggerHead claims the DRTV commercial that Sears published to promote the MALW contained a phrase "latest innovation from Craftsman" when describing the MALW, and that phrase is literally false. LoggerHead asserts the statement is literally false because Defendants copied the wrench and did not innovate. Sears asserts the phrase is also a subjective statement and a subjective opinion, or mere puffery, which cannot be proven false.

Sears argues that the "innovative" claim is precluded by *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003). In *Dastar*, the Supreme Court held that a false designation of physical goods' origin was not a Lanham Act claim but a trademark and patent claim. *Dastar*, 539 U.S. 53-54. However, the Seventh Circuit has noted that the Supreme Court did not "hold that a false claim of origin is the only way to violate [the Lanham Act]." *Gensler v. Strabala*, 764 F.3d 735, 736 (7th Cir. 2014). "[W]hether one seller was trying to deceive consumers about . . . its product," remains actionable under the Lanham Act. *Id.* at 736-

---

[1] LoggerHead argues that misleading statements are presumed to be deceptive where a defendant sets out to deceive the public, citing *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 256 (2d Cir. 2014). However, Plaintiff has not pointed to any evidence that Sears intentionally set out to deceive the public.

37. LoggerHead is not alleging that Sears sells actual Bionic Wrenches marked with Sears' branding. LoggerHead alleges that Sears is deceiving customers about the MALW and whether or not it is innovative.[2]

The statement "latest innovation from Craftsman" is not a literally false statement. The statement is, at least, ambiguous, as it does not state what the innovation is. Additionally, several courts have held the term "innovative" to be puffery. *See Robert Bosch LLC v. Pylon Mfg. Corp.*, 632 F. Supp. 2d 362, 367-68 (D. Del. 2009) ("innovative" was merely nonactionable puffery); *Rosenthal Collins Grp., LLC v. Trading Techs. Int'l, Inc.*, No. 05 C 4088, 2005 WL 3557947, at *10 (N.D. Ill. Dec. 26, 2005) ("innovative" is "not specific, not concrete, not measurable, and therefore puffery"); *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 973 (N.D. Cal. 2008) ("more innovative than competing machines" is non-actionable puffery); *Soilworks, LLC v. Midwest Indus. Supply, Inc.*, 575 F. Supp. 2d 1118, 1133-34 (D. Ariz. 2008) (holding competitor's statements that it was "innovator" of product that was made from "proprietary ingredients" and "revolutionary state-of-the-art innovation" were not actionable as false advertising).

The DRTV commercial's statement "latest innovation from Craftsman" is not literally false, and LoggerHead has not presented evidence demonstrating any consumer deception. LoggerHead cannot satisfy the first and second elements of its Lanham Act claim with regard to the DRTV advertising.

---

[2] Sears cites *Baden Sports, Inc. v. Motlen USA, Inc.*, 556 F.3d 1300 (Fed. Cir. 2009), to state that a false advertising claim cannot be brought regarding the origin of an idea, but that case explicitly applied the Ninth Circuit's interpretation of *Dastar*.

9

Press Release

LoggerHead claims a Sears press release falsely stated: "Despite some visual similarities to other tools on the market, Craftsman Max Axess Locking Wrench operates in a different way, using a mechanism design in the 1950s[.]" LoggerHead claims this statement is literally false because the MALW uses a mechanism designed by LoggerHead. The press release is also alleged to be deceptive because it implies that the MALW is made in America, when it is made in China. Sears asserts that the press release is not an actionable "commercial promotion," as required by the Lanham Act, and is not literally false.

In order to constitute "commercial advertising or promotion" under the Lanham Act, statements must be:

> (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services. While the representations need not be made in a "classic advertising campaign," but may consist instead of more informal types of "promotion," the representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry.

*Johnson Controls, Inc. v. Exide Corp.*, 152 F. Supp. 2d 1075, 1081 (N.D. Ill. 2001). "When deciding if speech is commercial, appropriate considerations include whether: (1) the speech is an advertisement; (2) the speech refers to a specific product; and (3) the speaker has an economic motivation for the speech." *United States v. Benson*, 561 F.3d 718, 725 (7th Cir. 2009) (citing *Bolger v. Youngs Drug Products Corp.*, 463 U.S. 60, 66-67 (1983)). Here, the speech is not an advertisement, but it does refer to a specific product, the MALW, and Sears had an economic motivation for the speech, *i.e.*, to bring back customers who were upset with Sears. However, there is no evidence that the press release was disseminated to the relevant purchasing public in such a way as to constitute advertising and promotion. It is undisputed that the press release was posted on Sears' website. However, the evidence presented by LoggerHead for the media

campaign is based on hearsay, *i.e.*, screenshots of various social media websites, which cannot be used to defeat summary judgment. *See United States v. Jackson*, 208 F.3d 633, 637 (7th Cir. 2000) (holding that website postings were hearsay because postings were not statements made by declarants testifying at trial and were being offered to prove the truth of the matter asserted).

As to the MALW being made in China, Sears points out that the press release never states that MALW is made in America, and Plaintiff does not contest this. Nor does Plaintiff make any argument that the press release is misleading about where the MALW is made. Additionally, the phrase "operates in a different way" is subjective and not literally false. LoggerHead does not dispute that the MALW contains some features that the Bionic Wrench does not, such as a locking mechanism. (DSOF ¶ 15.) The press release is not literally false, and LoggerHead has not presented evidence demonstrating any consumer deception. LoggerHead cannot satisfy the first and second elements of its Lanham Act claim with regard to the press release.

For the reasons set forth above, Sears' Motion for Summary Judgment [255] is granted as to Count VII.

*State Law Claims*

Counts VIII, IX and XIV allege false advertising under the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), the Uniform Deceptive Trade Practices Act ("UDTPA"), and Illinois Common Law Unfair Competition. Claims under the ICFA and the UDTPA are generally resolved according to the same standard as Lanham Act claims. *See SB Designs v. Reebok Int'l, Ltd.*, 338 F. Supp. 2d 904, 914 (N.D. Ill. 2004) ("Claims for unfair competition and deceptive business practices brought under Illinois statutes are to be resolved according to the

principles set forth under the Lanham Act.") As there is no violation of the Lanham Act, there is no violation of the Illinois statutes.[3]

Sears' Motion for Summary Judgment [255] is granted as to Count VII.

## CONCLUSION

Sears' Motion for Summary Judgment [255] is granted as to Counts VII, VIII, IX and XIV. Judgment is entered for Sears on Counts VII, VIII, IX, and XIV.

Date:  September 20, 2016   /s/ JOHN W. DARRAH
JOHN W. DARRAH
United States District Court Judge

---

[3] "The common-law tort of unfair competition has largely been codified by the DTPA . . . ." *Dynamic Fluid Control (PTY) Ltd. v. Int'l Valve Mfg., LLC*, 790 F. Supp. 2d 732, 740 (N.D. Ill. 2011).