UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOGGERHEAD TOOLS, LLC,     )
          )
     Plaintiff,     )
          )     Case No. 12-cv-9033
     v.     )
          )     Judge John W. Darrah
SEARS HOLDINGS CORPORATION     )
and APEX TOOL GROUP, LLC,     )
          )
     Defendants.     )

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff, LoggerHead Tools, LLC, filed a Second Amended Complaint ("SAC") against

Defendants Sears Holdings Corporation ("Sears") and Apex Tool Group, LLC, alleging, *inter*

*alia*, claims based on Sears' use of internet trademarks:  trademark infringement pursuant to the

Lanham Act, Count V; false designation of origin pursuant to the Lanham Act, Count VI;

trademark infringement and unfair competition pursuant to the Illinois Consumer Fraud and

Deceptive Business Practices Act ("ICFA"), Count VIII; trademark infringement and unfair

competition pursuant to the Uniform Deceptive Trade Practices Act ("UDTPA"), Count IX;

Illinois common-law trademark infringement, Count X; Illinois common-law unfair competition,

Count XIV; and trademark dilution pursuant to the Lanham Act, Count XVII.  Sears filed a

Motion for Summary Judgment [258].  For the reasons set forth more fully below, Sears' Motion

for Summary Judgment [258] is granted.

### LOCAL RULE 56.1

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts

as to which the party contends there is no genuine issue for trial."  *Ammons v.*

*Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires the nonmoving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). A nonmovant's "mere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material." *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). In the case of any disagreement, the nonmoving party must reference affidavits, parts of the record, and other materials that support his stance. Local Rule 56.1(b)(3)(B). To the extent that a response to a statement of material fact provides only extraneous or argumentative information, this response will not constitute a proper denial of the fact, and the fact is admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005). Similarly, to the extent that a statement of fact contains a legal conclusion or otherwise unsupported statement, including a fact that relies upon inadmissible hearsay, such a fact is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). Pursuant to Local Rule 56.1(b)(3)(C), the nonmovant may submit additional statements of material facts that "require the denial of summary judgment."

## BACKGROUND

Plaintiff is an Illinois limited-liability company with its principal place of business in Illinois. (DSOF ¶ 1.) Sears is a Delaware corporation with its principal place of business in Illinois. (*Id.* ¶ 2.) Sears began retailing LoggerHead's Bionic Wrench in 2009. (*Id.* ¶ 4.) On July 14, 2009, Dan Brown, the President of LoggerHead, signed a Universal Terms and Conditions Agreement ("UTC") with Sears. (*Id.* ¶ 8.) The UTC states:

> Seller [LoggerHead] authorizes Company [Sears] and each Authorized Reseller with respect to Company-Branded Merchandise and Company-Branded Outlet to directly and [i]ndirectly sell Merchandise through all promotional, advertising, distribution channels, and other methods of sale anywhere in the world including

via telephone, print, television, radio, and the worldwide web ("Distribution Channels"). Seller grants to Company and each Authorized Reseller (with respect to Company-Branded Merchandise) and Company-Branded Outlet a nonexclusive, nontransferable, royalty free license to use, with the right to sublicense, trademarks, service marks, trade names, trade dress, copyrights and rights of publicity associated with Merchandise owned or licensed by Seller for the limited purpose of Company, and each Authorized Reseller (with respect to Company-Branded Merchandise) and Company-Branded Outlet, marketing promoting, or selling Merchandise through any Distribution Channel.

(*Id.* ¶ 9.)

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Courts deciding summary judgment motions must view facts "in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of establishing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "[t]he nonmoving party must point to specific facts showing that there is a genuine issue for trial." *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009). Factual disputes do "not preclude summary judgment when the dispute does not involve a material fact." *Burton v. Downey*, 805 F.3d 776, 783 (7th Cir. 2015). The evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## ANALYSIS

Defendant argues that all of Plaintiff's allegations are based on the use of internet keyword advertisements.  Plaintiff stipulates to the dismissal of its trademark infringement claim under the Lanham Act, Count V; false designation of origin claim, Count VI; trademark infringement claim under Illinois common law, Count X; and trademark dilution claim, Count XVII.  Plaintiff, however, argues that its remaining claims under the ICFA, Count VIII; UDTPA, Count IX; and Illinois common-law unfair competition, Count XIV, are not only based in its internet trademark allegations but also based in allegations directed to counts that are not the subject of this Motion.  Specifically, Plaintiff argues that these remaining claims were also based on allegations directed to Plaintiff's claims for product design trademark infringement, Count XV; packaging trade dress infringement, Count XVI; false advertising, Count VII; Illinois common-law unfair competition, Count XIV; and fraud, Count XI.

Sears argues that Plaintiff's remaining claims fail to reference allegations directed to product design infringement, packaging trade dress infringement, Illinois common-law unfair competition, and fraud.  And although Sears concedes that these remaining claims sufficiently referenced Plaintiff's false advertising allegations, Sears argues that Plaintiff's remaining claims should nevertheless be dismissed because, as argued in a different motion for summary judgment, Plaintiff's false advertising claims are meritless. This Memorandum Opinion and Order will address the Counts to the extent that they are based on internet trademark claims.  To the extent that the Counts are based on issues that are resolved in other summary judgment rulings, those Memorandum Opinion and Orders will control.

*Counts VIII & IX*

In Counts VIII and IX, Plaintiff alleges that Sears has violated the ICFA and the UDTPA respectively. Plaintiff argues that Sears failed to address these claims because they are based on internet trademark allegations *and* based on allegations directed to product design infringement, packaging trade dress infringement, false advertising, Illinois common-law unfair competition, and fraud. Sears argues that the allegations contained within Plaintiff's ICFA and UDTPA claims plainly show that they are solely based on the use of internet trademarks and false advertising.

In Count VIII, Plaintiff alleges:

140. LoggerHead realleges and incorporates paragraphs 1-139 as though set forth fully herein.

141. Sears' unauthorized, intentional, and willful use of LoggerHead's Bionic Wrench Mark to promote, advertise, market and/or sell their goods and services in Illinois constitutes unfair competition within the meaning of the Illinois Consumer Fraud and Deceptive Business Practices Act.

142. Sears' use of "Bionic Wrench" in connection with the sales and promotion of its goods through its advertising online with Google, Yahoo, and Bing, and through its purchase and use of LoggerHead's Bionic Wrench Mark in search engine advertising programs constitutes unfair competition and is likely to cause confusion among consumers as to the affiliation, connection, association and/or origin, sponsorship, or approval of Sears' goods by or with LoggerHead in violation of § 510 *et seq.*

143. Sears' actions contributed to consumer confusion in other ways as well, including copying LoggerHead's commercials, issuing a false press release that misleadingly suggests that the Craftsman Max Axess Locking Wrench is made in America, and falsely stating that the Craftsman Max Axess has a "unique design," among other unlawful acts as alleged herein.

144. Notwithstanding Sears' actual knowledge of LoggerHead's ownership and prior use of the Bionic Wrench Mark, Sears has willfully and in bad faith continued to use LoggerHead's Mark in commerce without authorization to promote sale of its goods.

145. LoggerHead is entitled to injunctive relief to prevent Sears from using the name and Mark "Bionic Wrench" or similar Mark in connection with the advertising and/or sale of its products or services and/or compensatory and statutory damages, punitive damages, plus costs and attorneys' fees.

(SAC ¶¶ 140-45.) In Count IX, Plaintiff alleges:

146. LoggerHead realleges and incorporates paragraphs 1-145 as though set forth fully herein.

147. Sears' unauthorized, intentional, and willful use of LoggerHead's Mark Bionic Wrench to promote, advertise, market and/or sell their goods and services in Illinois constitutes unfair competition within the meaning of the Illinois Deceptive Trade Practices Act.

148. Sears' use of "Bionic Wrench" in connection with the sales and promotion of its goods through its advertising online with Google, Yahoo, and Bing, and through its purchase and use of LoggerHead's Mark in search engine advertising programs constitutes unfair competition and is likely to cause confusion among consumers as to the affiliation, connection, association and/or origin, sponsorship, or approval of Sears' goods by or with LoggerHead in violation of § 510 *et seq.*

149. Sears' actions contributed to consumer confusion in other ways as well, including copying LoggerHead's commercials, issuing a false press release that misleadingly suggests that the Craftsman Max Axess Locking Wrench is made in America, and falsely stating that the Craftsman Max Axess has a "unique design," among other unlawful acts as alleged herein.

150. Notwithstanding Sears' actual knowledge of LoggerHead's ownership and prior use of the Bionic Wrench Mark, Sears has willfully continued to use LoggerHead's Mark in commerce without authorization to promote sale of its goods in violation of § 510 *et seq.*

151. LoggerHead is entitled to injunctive relief to prevent Sears from using the name and Mark "Bionic Wrench" or similar mark in connection with the advertising and/or sale of its products or services, plus costs and attorneys' fees.

(SAC, ¶¶ 146-151).

The allegations in each Count emphasize Sears' use of Plaintiff's trademark in online advertisement, alleges that the use of Plaintiff's trademark causes confusion, and focuses on Sears' specific advertisement methods. The plain language has references to product design, packaging trade dress, or fraud. While these allegations do contain the phrase "unfair

competition," each claim states that Sears' use of trademarks "constitutes unfair competition within the meaning of the [Act]." (*Id.* at ¶¶ 141, 147.) Additionally, each Count asks for relief in the form of an injunction preventing Sears from using LoggerHead's marks. Counts VIII and IX are clearly based on the use of LoggerHead's marks.

Plaintiff has stipulated to the dismissal of the Counts that are solely based on use of trademarks. Additionally, Plaintiff did not respond to any of the internet trademark arguments made by Sears. "[A] district court need not scour the record to determine whether there exists a genuine issue of fact to preclude summary judgment. Instead, the court can rely upon the non-moving party to show such a dispute if one exists." *L.S. Heath & Son, Inc. v. AT & T Info. Sys., Inc.*, 9 F.3d 561, 567 (7th Cir. 1993) *abrogated on other grounds by Lexmark Intern., Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014). Furthermore, a party waives a claim when they do not cite both legal authority and supporting factual evidence. *Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 708 (7th Cir. 2010); *Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005).

In responding to a summary judgment motion, the nonmoving party must "set forth specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). "Failure to set forth any evidence or to develop any arguments in opposition to the moving party's summary judgment motion results in waiver of the nonmoving party's arguments and an abandonment of [her] claims." *De v. City of Chicago*, 912 F. Supp. 2d 709, 734 (N.D. Ill. 2012) (citing *Palmer v. Marion Cnty.*, 327 F.3d 588, 597-98 (7th Cir. 2003) (deeming plaintiff's negligence claim abandoned because he failed to delineate it in his brief to the district court in opposition to summary judgment); *Laborers' Int'l Union v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 2003) (stating that arguments not presented to the district court in response to a summary judgment

motion are waived); *Donelson v. City of Chi.*, 272 F.Supp.2d 717, 726 (N.D. Ill. 2003) (finding

that the plaintiff abandoned her claim because she provided no legal argument in support of her

claim and because she made no serious effort to respond to the defendant's arguments);

*Oak Brook Hotel Co. v. Teachers Ins. & Annuity Ass'n of Am.*, 846 F. Supp. 634, 641 (N.D. Ill.

1994) (treating the plaintiff's failure to defend a particular claim in response to the defendant's

motion for summary judgment as an abandonment of the claim)).

     Sears' Motion for Summary Judgment [259] is granted as to Counts VIII and IX to the

extent that those Counts allege internet trademark violations.  To the extent that those Counts are

not based on internet trademark violations, those issues are resolved in the rulings on

Defendants' other summary judgment motions.

*Count XIV*

     In Count XIV, Plaintiff alleges that Sears engaged in unfair competition under Illinois

common law.  Specifically, Plaintiff alleges:

> 178. LoggerHead realleges and incorporates paragraphs 1-177 as though set forth fully herein.

> 179. As alleged herein, Sears' [*sic*] willfully and maliciously engaged in a comprehensive scheme of unfair competition against LoggerHead. Sears misappropriated LoggerHead's Bionic Wrench and associated intellectual property in violation of federal, state, and common law.

> 180. As alleged herein, Sears' scheme of false advertising and copying of LoggerHead's product has caused customer confusion to LoggerHead's detriment.

> 181. As alleged herein, Sears engaged in the unauthorized, improper, and unlawful use of LoggerHead's property for a purpose other than that for which it was intended.

> 182. As alleged herein, LoggerHead has suffered damages as a direct and proximate result of Sears' unfair competition, and is therefore entitled to the best measure of the value of being deprived of the exclusive use of its property.

183. As alleged herein, LoggerHead created the Bionic Wrench through extensive time, labor, skill, and money.

184. As alleged herein, Sears' use of a knock-off version of the Bionic Wrench to directly compete against LoggerHead's Bionic Wrench has given Sears a special competitive advantage because it was burdened with little or none of the expense incurred by LoggerHead in the creation of the Bionic Wrench.

185. As alleged herein, Sears' unfair competition has caused commercial damage to LoggerHead.

(SAC, ¶¶ 178-185.)

Plaintiff argues that this Count does not mention its internet trademark claims and that the Count's scope is much broader. In Illinois, common-law unfair competition "encompasses a broad spectrum of law," and there is not "an Illinois case [that] definitively sets forth the elements of a common law unfair competition claim for all factual scenarios." *Zenith Electronics Corp. v. Exzec, Inc.*, No. 93 C 5041, 1997 WL 798907 at *14 (N.D. Ill. Dec. 24, 1997). In *LG Elecs. v. Whirlpool Corp.*, No. 08 C 242, 2010 WL 3521785 (N.D. Ill. Sept. 1, 2010), the court found that "[b]y pleading a broad claim for common law unfair competition that is without defined elements, [Plaintiff] left open various ways in which it could characterize its claim. . . . Accordingly, permitting [Plaintiff] to pursue its claim at this late stage in the litigation would be highly prejudicial to [Defendant]." *LG Elecs.*, 2010 WL 3521785, at * 3. Here, Plaintiff similarly left many ways in which it could characterize this broad claim; allowing Plaintiff to characterize this claim as being based on product design infringement, packaging trade dress infringement, or fraud without adequate notice of such allegations would be unfair to Sears. Further, claims of design infringement, product trade dress infringement, and fraud are addressed in other Memorandum Opinion and Orders. Sears concedes that this Count is based on allegations contained within the false advertising claims, which are also addressed in a separate Memorandum Opinion and Order.

9

Additionally, as discussed above, Plaintiff did not respond to any of the internet trademark arguments made by Sears and the "[f]ailure to set forth any evidence or to develop any arguments in opposition to the moving party's summary judgment motion results in waiver of the nonmoving party's arguments and an abandonment of [her] claims." *De*, 912 F. Supp. 2d at 734.

Sears' Motion for Summary Judgment [259] is granted as to Count XIV.

*Counts V, VI, X, XVII*

Plaintiff stipulates to the dismissal of its trademark infringement claim under the Lanham Act, Count V; false designation of origin claim under the Lanham Act, Count VI; trademark infringement claim under Illinois common law, Count X; and trademark dilution claim under the Lanham Act, Count XVII. Sears' Motion for Summary Judgment [258] is granted as to Counts V, VI, X, and XVII.

## <u>CONCLUSION</u>

Sears' Motion for Summary Judgment [258] is granted. Judgment is entered for Defendant Sears on Counts V, VI, VIII, IX, XIV, and XVII.

Date: _____September 20, 2016_____     /s/ _____

JOHN W. DARRAH
United States District Court Judge

10