UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOGGERHEAD TOOLS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-cv-9033 |
| v. ) | |
| ) | Judge John W. Darrah |
| SEARS HOLDINGS CORPORATION ) | |
| and APEX TOOL GROUP, LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, LoggerHead Tools, LLC, filed a Second Amended Complaint against Defendants Sears Holdings Corporation and Apex Tool Group, LLC. The Second Amended Complaint alleges, *inter alia*, four counts of willful patent infringement of United States Patents No. 6,889,579 (the "'579 Patent"), in Counts I and II, and No. 7,992,470 (the "'470 Patent"), in Counts III and IV. Defendants filed a Motion for Summary Judgment of Noninfringement or Invalidity [277]. For the reasons set forth more fully below, Defendants' Motion for Summary Judgment [277] is granted in part and denied in part.

## LOCAL RULE 56.1

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires the nonmoving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). A nonmovant's "mere disagreement with the movant's asserted facts is inadequate if made without reference to specific

supporting material." *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). In the case of any disagreement, the nonmoving party must reference affidavits, parts of the record, and other materials that support his stance. Local Rule 56.1(b)(3)(B). To the extent that a response to a statement of material fact provides only extraneous or argumentative information, this response will not constitute a proper denial of the fact, and the fact is admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005). Similarly, to the extent that a statement of fact contains a legal conclusion or otherwise unsupported statement, including a fact that relies upon inadmissible hearsay, such a fact is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). Pursuant to Local Rule 56.1(b)(3)(C), the nonmovant may submit additional statements of material facts that "require the denial of summary judgment."

## BACKGROUND

The following facts are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.

Plaintiff is an Illinois limited-liability company with its principal place of business in Illinois. (DSOF ¶ 1.) Sears Holding Corporation is a Delaware corporation with its principal place of business in Illinois. (*Id.* ¶ 2.) Apex Tool Group, LLC is a Delaware limited-liability company with its principal place of business in Maryland. (*Id.* ¶ 3.) The '579 Patent and the '470 Patent are titled "Adjustable Gripping Tool" and are assigned to Plaintiff. (*Id.* ¶ 9.) Plaintiff asserts willful patent infringement of the '579 Patent and the '470 Patent against both Defendants based on Defendants' Max Axess Locking Wrench (the "MALW") product. (*Id.* ¶ 7.) Plaintiff asserts claims 1, 2, 6, 9, 11, and 16-18 of the '579 Patent and claims 1, 9, 10, and 33-35 of the '470 Patent. (*Id.* ¶ 8.) Each of the asserted dependent claims depends from claim 1

of the '579 Patent or claim 1 of the '470 Patent. (*Id.* ¶ 20.) An embodiment of the claim appears as set forth below:

**Open Position**          **Closed Position**

(*Id.* ¶ 10.) The asserted claims largely relate to a specific structure of the adjustable gripping tool set, the gripping element, as set forth below:



Each of the claims requires a first element that includes a gripping element having a body portion, an arm portion, and a force transfer element. (*Id.* ¶ 16.) The term "arm portion" was construed as the "portion of the gripping element(s) configured to engage one of the guides and

3

contiguous with a force transfer element. (*Id.* ¶ 17.) The gripping element of the MALW is shown below, with identifications of portions by Loggerhead's expert, Dr. Jonathan Cagan:



(*Id.* ¶ 21.) The second element requires an opening concentric with an opening on the first element, an actuation portion and at least one slot. (*Id.* ¶ 19.) For the '470 Patent, those second element features are formed within and integral to the tool head. (*Id.*)

The MALW is a patented hand tool that Apex designed and supplied to Sears. (*Id.* ¶ 28.) The initial MALW design was meant to mimic prior art from the Buchanan patent, U.S. Patent No. 2,787,925. (*Id.* ¶ 29; PSOF ¶ 6.) During the prosecution of the '470 patent, the claims were initially rejected as anticipated by the prior art in the Buchanan patent. (DSOF ¶ 13.)

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Courts deciding summary judgment motions must view facts "in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial

4

burden of establishing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "[t]he nonmoving party must point to specific facts showing that there is a genuine issue for trial." *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009). Factual disputes do "not preclude summary judgment when the dispute does not involve a material fact." *Burton v. Downey*, 805 F.3d 776, 783 (7th Cir. 2015). The evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson*, 477 U.S. at 248).

## ANALYSIS

### *Infringement*

Defendants argue that Plaintiff cannot show that they infringed the '470 Patent and the '579 Patent. Patent infringement occurs when someone "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). "Patent infringement involves both claim construction and application of the claim to the accused product." *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1345 (Fed. Cir. 2001) (citing *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 976 (Fed. Cir. 1996)). "The infringement inquiry remains focused at all times on the claim language, as illuminated by the written description and the prosecution history." *Id.* at 1345-46 (citing *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1309 (Fed. Cir. 1999)). Whether the claim, as construed, matches the accused product is a question of fact. *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1319 (Fed. Cir. 2012).

"The patentee has the burden of proving infringement by a preponderance of the evidence." *Centricut, LLC v. Esab Grp., Inc.*, 390 F.3d 1361, 1367 (Fed. Cir. 2004). A patentee must show that every limitation of the allegedly infringed patent claims exists in the accused device in order to establish infringement. *Neopost Industrie B.V. v. PFE Int'l, Inc.*, 403 F. Supp. 2d 669, 676 (N.D. Ill. 2005) (citing *Oakley, Inc. v. Sunglass Hut Int'l*, 316 F.3d 1331, 1339 (Fed. Cir. 2003); *Amazon.com, Inc. v. Barnesandnoble.com. Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001)). The failure to meet any limitation of a patent claim defeats an allegation of literal infringement. *Id.* (citing *Rohm & Haas Co. v. Brotech Corp.*, 127 F.3d 1089, 1092 (Fed. Cir. 1997); *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991)).

Defendants argue that Loggerhead has failed to identify an arm portion of the MALW that is designed to engage a guide and contiguous with the force transfer element. The term "arm portion" was construed as the "portion of the gripping element(s) configured to engage one of the guides and contiguous with a force transfer element." (DSOF ¶ 17.) Defendants argue that the part of the gripping element Plaintiff's expert identified as the arm portion is the side that the force transfer element comes out of, and that arm portion side does not engage the guide.



(DSOF ¶ 35.)

Plaintiff argues that they have identified an arm portion of the gripping element which engages with the guide.



Plaintiff argues that this Court declined to read separate structure and projection limitations into the claim during the claim construction, so a portion does not have to be a separate structure. Further, Plaintiff argues that the arm portion is a three-dimensional volume which engages the guide, not simply one face of the gripping element.

 

Plaintiff is correct. The claim construction identified the arm portion as a "portion of a gripping element(s) configured to engage one of the guides and contiguous with a force transfer element." There was no limitation to the arm portion encompassing only a specific face or side of the gripping element. The arm portion of the MALW's gripping element has a portion of the element which engages the guide and has a force transfer element. Defendants' Motion for Summary Judgment [271] is denied as to infringement.

7

*Willfulness*

Defendants also argue that, even if infringement is found, Plaintiff cannot prove willful infringement. Willfulness must be proven by clear and convincing evidence. *E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.,* 849 F.2d 1430, 1440 (Fed. Cir. 1988). The Supreme Court has recently held that, "[t]he subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016). The Supreme Court instructed that "courts should continue to take into account the particular circumstances of each case in deciding whether to award damages, and in what amount." *Id.* Enhanced damages based on willfulness "should generally be reserved for egregious cases typified by willful misconduct." *Id.* at 1934.

One relevant consideration is that "[o]n-going consultation with a patent lawyer is highly probative evidence of good faith." *Braun Inc. v. Dynamics Corp. of Am.*, 975 F.2d 815, 822 (Fed. Cir. 1992) (citing *Radio Steel & Manufacturing Co. v. MTD Products, Inc.,* 788 F.2d 1554, 1559 (Fed. Cir. 1986)). Apex consulted with a patent attorney on several occasions throughout the design process, and that counsel issued a noninfringement opinion before this litigation began. (DSOF ¶ 30.) Plaintiff disputes this fact by stating that the opinions of the patent attorney came before the MALW was finalized. However, there is no evidence that the design the patent attorney signed off on and the final design were different in any material respect. Disputes do "not preclude summary judgment when the dispute does not involve a material fact." *Burton v. Downey*, 805 F.3d 776, 783 (7th Cir. 2015). Plaintiff has not presented any facts showing that Defendants' conduct was "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or − indeed − characteristic of a pirate." *Halo Elecs., Inc.*, 136 S.

Ct. at 1932. The uncontested facts do not show that Defendants engaged in egregiously willful misconduct. Defendants' Motion for Summary Judgment [271] is granted as to willfulness.

*Invalidity*

In the alternative, Defendants argue that the patents are invalid because they are anticipated by the prior art in the Buchanan patent. Plaintiff argues that Buchanan does not invalidate the asserted claims because Buchanan does not have three features of the "second element" as construed:

> (1) the limitation requiring 'at least one slot defined within one end of the second grasping portion' ('579 claims); (2) the limitation requiring that the following be 'formed within and integral to the tool head': 'an opening concentric with an opening on one end of a first element, an actuation portion, and at least one slot' ('470 claims); and (3) the limitation requiring 'an opening concentric with an opening within one end of the first element.' ('579 and '470 claims).

(Dkt. 301, pps. 8-9.) A diagram of Buchanan is shown below:



(PSOF ¶10.)

As with infringement, "the first step in any validity analysis is to construe the claims of the invention to determine the subject matter for which patent protection is sought."

9

*Smiths Indus. Med. Sys., Inc. v. Vital Signs, Inc.*, 183 F.3d 1347, 1353 (Fed. Cir. 1999). "The claims, properly interpreted, define the scope of the invention and allow the trial court to determine whether the claimed invention would have been obvious in light of the prior art." *Id.*

Loggerhead's first asserted distinction of the '579 Patent from Buchanan is the limitation requiring at least one slot defined within one end of the second grasping portion. Loggerhead argues that slots are only present in the cam plates, Buchanan parts 27 and 28, and not the second element, Buchanan part 14. Defendants argue that the cam plate, Buchanan part 27, is part of the second element because it is bolted to and moves in unison with the second element. However, the claims for the patents at issue construed "second element" as "a second grasping portion containing an opening concentric with an opening within one end of a first element, and an actuation portion, and at least one slot defined within one end of the second grasping portion." Further, "actuation portion" was construed as the "portion of second element that facilitates movement of the gripping element." The cam plates in Buchanan, which facilitate the movement of the gripping element in that patent, are not a part or portion of the second element and are not contained within the second element. They are a separate structure that is connected to the second element.

Loggerhead's first asserted distinction of the '470 Patent from Buchanan is the limitation requiring that an opening concentric with an opening on one end of a first element, an actuation portion, and at least one slot all must be formed within and integral to the tool head. For the '570 Patent, the phrase "second element" was construed as "a second part containing a grasping portion and tool head at one end of the grasping portion, where formed within and integral to the tool head is an opening concentric with an opening within one end of a first element, and an actuation portion, and at least one slot." Again, the Buchanan cam plate has the actuation

10

portion and at least one slot and the cam plate is not formed within the tool head and is not contained within the second element.

Loggerhead also asserts that the limitation requiring the second element to contain an opening concentric with an opening within one end of the first element as a distinction between the asserted patents and Buchanan. Loggerhead argues that Buchanan shows a first element with a somewhat triangular opening, while the second element has a circular opening, and that a person of ordinary skill in the art would recognize that the openings must be similar shapes. Defendants respond that there is no such limitation and that concentric simply means that both openings have the same center point, regardless of shape. Similar shapes are not required in order to have the same center point. Indeed, the crimpers of the Buchanan patent meet at the same point as the opening of the second element, as well as the openings of the cam plates, without all openings being the same shape. The asserted patents do not require similarly shaped openings.

The facts do not show that the asserted patents were anticipated by Buchanan. Defendants' Motion for Summary Judgment [277] is denied as to invalidity.

## CONCLUSION

For the reasons discussed above, Defendants' Motion for Summary Judgment of Noninfringement or Invalidity [277] is granted in part and denied in part. Defendants' Motion is denied as to invalidity and infringement. Defendants' Motion is granted as to willfulness.

Date: _____September 20, 2016_____   /s/ _____
JOHN W. DARRAH
United States District Court Judge