UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOGGERHEAD TOOLS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-cv-9033 |
| v. ) | |
| ) | Judge John W. Darrah |
| SEARS HOLDINGS CORPORATION ) | |
| and APEX TOOL GROUP, LLC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff LoggerHead, LLC filed a Second Amended Complaint against Defendants Sears Holdings Corporation and Apex Tool Group, LLC. The Second Amended Complaint alleges, *inter alia*, four counts of willful patent infringement of United States Patents No. 6,889,579 (the "'579 Patent"), in Counts I and II, and No. 7,992,470 (the "'470 Patent"), in Counts III and IV. Plaintiff filed a Motion for Summary Judgment of Infringement [264]. For the reasons set forth more fully below, Plaintiff's Motion for Summary Judgment of Infringement [264] is denied.

**LOCAL RULE 56.1**

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires the nonmoving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). A nonmovant's "mere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material." *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). In the case of any

disagreement, the nonmoving party must reference affidavits, parts of the record, and other materials that support his stance. Local Rule 56.1(b)(3)(B). To the extent that a response to a statement of material fact provides only extraneous or argumentative information, this response will not constitute a proper denial of the fact, and the fact is admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005). Similarly, to the extent that a statement of fact contains a legal conclusion or otherwise unsupported statement, including a fact that relies upon inadmissible hearsay, such a fact is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). Pursuant to Local Rule 56.1(b)(3)(C), the nonmovant may submit additional statements of material facts that "require the denial of summary judgment."

## BACKGROUND

The following facts are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.

Plaintiff is an Illinois limited-liability company with its principal place of business in Illinois. (PSOF ¶ 1.) Defendant Sears Holding Corporation is a Delaware corporation with its principal place of business in Illinois. (*Id.* ¶ 2.) Defendant Apex Tool Group, LLC is a Delaware limited-liability company with its principal place of business in Maryland. (*Id.* ¶ 3.) The '579 Patent and the '470 Patent are titled "Adjustable Gripping Tool" and are assigned to Plaintiff. (*Id.* ¶¶ 7, 8.) During prosecution, the '470 Patent was distinguished from the Buchanan patent, U.S. Patent No. 2,787,925. (DSOF ¶ 4.)

Sears began selling the Max Axess Locking Wrench (the "MALW"), which was developed by Apex, in late 2012. (PSOF ¶¶ 16, 17.) Plaintiff asserts claims 1, 2, 6, 9, 11, and 16-18 of the '579 Patent and claims 1, 9, 10, and 33-35 of the '470 Patent. (DSOF ¶ 1.) The first element of each asserted claim includes a gripping portion that requires a gripping element

containing a body portion, an arm portion, and a force transfer element. (*Id.* ¶ 2.) The second element includes an actuation portion that facilitates movement of the gripping elements via a slot with a first section configured to engage the force transfer element. (*Id.* ¶ 3.)



## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Courts deciding summary judgment motions must view facts "in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v.*

3

*Harris*, 550 U.S. 372, 380 (2007). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of establishing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "[t]he nonmoving party must point to specific facts showing that there is a genuine issue for trial." *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009). Factual disputes do "not preclude summary judgment when the dispute does not involve a material fact." *Burton v. Downey*, 805 F.3d 776, 783 (7th Cir. 2015). The evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## ANALYSIS

### *Infringement*

Defendants argue that Plaintiff cannot show infringement of the '470 Patent and the '579 Patent. Patent infringement occurs when someone "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). "Patent infringement involves both claim construction and application of the claim to the accused product." *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1345 (Fed. Cir. 2001) (citing *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1996)). "The infringement inquiry remains focused at all times on the claim language, as illuminated by the written description and the prosecution history." *Id.* at 1345-46 (citing *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1309 (Fed. Cir.

4

1999)). Whether the claim, as construed, matches the accused product is a question of fact. *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1319 (Fed. Cir. 2012).

"The patentee has the burden of proving infringement by a preponderance of the evidence." *Centricut, LLC v. Esab Grp., Inc.*, 390 F.3d 1361, 1367 (Fed. Cir. 2004). A patentee must show that every limitation of the allegedly infringed patent claims exists in the accused device in order to establish infringement. *Neopost Industrie B.V. v. PFE Int'l, Inc.*, 403 F. Supp. 2d 669, 676 (N.D. Ill. 2005) (citing *Oakley, Inc. v. Sunglass Hut Int'l*, 316 F.3d 1331, 1339 (Fed. Cir. 2003); *Amazon.com, Inc. v. Barnesandnoble.com. Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001)). The failure to meet any limitation of a patent claim defeats an allegation of literal infringement. *Id.* (citing *Rohm & Haas Co. v. Brotech Corp.*, 127 F.3d 1089, 1092 (Fed. Cir. 1997); *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991)).

An embodiment of the claim appears as set forth below:

**Open Position**　　　　　　　　　　　**Closed Position**



Some of the asserted claims relate to a specific structure of the adjustable gripping tool, the gripping element, as set forth below:



Gripping Element

Plaintiff argues that the MALW reads on contested claim elements 1(c) and 16(c) of the '579 Patent and element 1(c) of the '470 Patent: "each at least one gripping element including a body portion adapted for engaging the workpiece, an arm portion configured to engage one of said at least one guide and a force transfer element contiguous with the arm portion." The gripping element of the MALW is shown below, with identifications of portions by Loggerhead's expert, Dr. Jonathan Cagan:



(DSOF ¶ 16.)

6

As an initial matter, Defendants argue that Plaintiff brings new infringement allegations for the arm portion and body portion limitation and that these new allegations are untimely and in violation of Local Patent Rule 3.1. "Infringement contentions are generally considered adequate if they provide fair notice of the scope of the plaintiff's infringement theory. In other words, infringement contentions must set forth particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patents themselves. Expert infringement reports may not introduce theories not previously set forth in infringement contentions." *Trading Techs. Int'l, Inc. v. CQG, Inc.*, No. 05-CV-4811, 2014 WL 4477932, at *2 (N.D. Ill. Sept. 10, 2014) (citing *Fujitsu Ltd. v. Tellabs Operations, Inc.*, No. 08 C 3379, 2012 WL 3018027, at *4 (N.D. Ill. July 23, 2012)).

Infringement theories have been struck, or courts have given leave to amend, where a party has provided no specificity for the basis of the infringement theory. *See Morningware, Inc. v. Hearthware Home Products, Inc.*, No. 09C4348, 2010 WL 3781254, at *7 (N.D. Ill. Sept. 22, 2010) (striking doctrine of equivalents infringement theory not sufficiently disclosed). Plaintiff's final infringement contentions include their theory that the MALW's gripping element had a body and arm portion that infringed the asserted patents. Further, this infringement theory was not raised for the first time on summary judgment, as Plaintiff argued in their Supplemental Claim Construction Brief that an arm portion with three-dimensional depth infringed:



(Dkt. 175.) Additionally, Plaintiff's expert identified a three-dimensional part of the gripping element as the arm portion during his deposition:



(DSOF, ¶ 17.) Plaintiff provided Defendants with notice of their infringement theory.

Defendants argue that LoggerHead has failed to identify an arm portion of the MALW that is designed to engage a guide *and* contiguous with the force transfer element. The term "arm portion" was construed as the "portion of the gripping element(s) configured to engage one of the guides and contiguous with a force transfer element." Defendants argue that the part of the gripping element Plaintiff's expert identified as the arm portion is the side that the force transfer element comes out of, and that arm portion side does not engage the guide.



(DSOF ¶ 13.)

8

Plaintiff responds that they have identified an arm portion of the gripping element which engages with the guide.



Plaintiff argues that this Court declined to read separate structure and projection limitations into the claim during the claim construction, so a portion does not have to be a separate structure. Further, Plaintiff asserts that the arm portion is a three-dimensional volume, which engages the guide, not simply one face of the gripping element.



The dispute over the arm portion and body portion limitations creates a dispute of material fact. Plaintiff's Motion for Summary Judgment [264] is denied as to contested claim elements 1(c) and 16(c) of the '579 Patent and element 1(c) of the '470 Patent.

Second Element

Plaintiff argues that the MALW reads on contested claim elements 1(d) and 16(d)(1) of the '579 Patent and element 1(d)(1) of the '470 Patent:

9

| '579 Patent | "the second element including an actuation portion having a second opening concentric with the first opening and at least one slot disposed adjacent the second opening, each said at least one slot having a first section configured to engage the force transfer element of one said at least one gripping element, such that movement of the second element with respect to the first element actuates each at least one first section to contact and move each respective force transfer element thereby actuating each said at least one gripping element along respective said at least one guide" |
|---|---|
| '470 Patent | "the second element including an actuation portion having at least one slot therein, each said at least one slot having a first section configured to engage the force transfer element of one said at least one gripping element, such that movement of the second element with respect to the first element actuates each at least one first section to contact and move each respective force transfer element thereby actuating each said at least one gripping element along respective said at least one guide" |

Defendants argue that Plaintiff has not identified a slot. Defendants' infringement expert states that the term "first section" implies that the entire slot cannot be the first section. Plaintiff responds that it has identified "at least one slot having a first section configured to engage a force transfer element" in the MALW:



Whether the slot has a first section is a question of material fact.

10

Plaintiff's Motion for Summary Judgment [264] is denied as to contested claim elements 1(d) and 16(d)(1) of the '579 Patent and element 1(d)(1) of the '470 Patent.

### Aligning Element

Plaintiff argues that the MALW reads on contested claim element 1(d)(2) of the '470 Patent: "wherein the first element further includes at least one aligning element such that each said at least one aligning element is disposed between an adjacent pair of guides and extends parallel to the force transfer elements." The claim language requires a first element with aligning elements that are located between adjacent guides and that are parallel to the force transfer element of the gripping portion. Defendants argue that the aligning elements are part of the second element as the ends of the aligning element come into contact with the second element but only pass through the first element. Plaintiff responds that there is no contact requirement in the '470 Patent. Whether the aligning elements are part of the first element or the second element is a question of material fact.

Plaintiff's Motion for Summary Judgment [264] is denied as to contested claim element 1(d)(2) of the '470 Patent.

### Locking Mechanism

Plaintiff argues that the locking mechanism on the MALW infringes dependent claims 2 and 6 of the '579 Patent. The phrase "disposed on the first element operable to secure the first element and second element in a desired angular orientation" in the '579 Patent was construed as "positioned on the first element to maintain the first and second elements at a predetermined position." As stated in the claims construction ruling, the patentee distinguished prior art on the basis that the prior art "does not provide *any locking functions*." The prior art showed a mechanism prevented the arm of the tool from moving forward but did not hold the arm in place.

11

The claim language in the '579 Patent clearly indicates that the locking mechanism keeps the first and second element at a desired orientation, *i.e.*, holds the elements locked in a specific configuration. Further, the specifications state that "the first element and second element *cannot be moved relative to one another without first releasing the lock mechanism*." (JA182 at 7:13-16.) (Emphasis added.) The MALW's locking mechanism prevents the handles of the tool from moving farther apart but does not lock them into a fixed position both ways, as claimed by the patent. The MALW's two elements can be moved relative to each other without releasing the locking mechanism. The MALW does not infringe dependent claims 2 and 6 of the '579 Patent.

Plaintiff's Motion for Summary Judgment [264] is denied as to dependent claims 2 and 6 of the '579 Patent.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Summary Judgment of Infringement [264] is denied.

Date: \_\_\_\_\_September 20, 2016\_\_\_\_\_   /s/ _____
JOHN W. DARRAH
United States District Court Judge