UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOGGERHEAD TOOLS, LLC, | ) |
| Plaintiff, | ) Case No. 12-cv-9033 |
| v. | ) |
| | ) Judge John W. Darrah |
| SEARS HOLDING CORPORATION, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, LoggerHead Tools, LLC, filed a Second Amended Complaint against Defendants, Sears Holdings Corporation and Apex Tool Group, LLC. The Second Amended Complaint alleges, *inter alia*, four counts of willful patent infringement of United States Patents No. 6,889,579 (the "'579 Patent"), in Counts I and II, and No. 7,992,470 (the "'470 Patent"), in Counts III and IV. Defendants filed a Motion for Summary Judgment of Noninfringement or Invalidity, which was granted in part and denied in part. Plaintiff has filed a Motion to Reconsider [379] the Court's order granting summary judgment for Defendants on willfulness. For the reasons more fully discussed below, Plaintiff's Motion to Reconsider [379] is denied.

## BACKGROUND

Plaintiff is an Illinois limited-liability company with its principal place of business in Illinois. Sears Holding Corporation is a Delaware corporation with its principal place of business in Illinois. Apex Tool Group, LLC is a Delaware limited-liability company with its principal place of business in Maryland. The '579 Patent and the '470 Patent are titled "Adjustable Gripping Tool" and are assigned to Plaintiff. Plaintiff asserts willful patent infringement of the '579 Patent and the '470 Patent against both Defendants based on Defendants' Max Axess Locking Wrench (the "MALW") product.

The parties filed cross-motions for summary judgment on the issue of infringement. Plaintiff's Motion for Summary Judgment of Infringement [264] was denied. Defendants' Motion for Summary Judgment of Noninfringement or Invalidity [277] was denied on the basis of noninfringement and invalidity but granted as to a lack of willful infringement.

## LEGAL STANDARD

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). A manifest error "is not demonstrated by the disappointment of the losing party"; it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted).

## ANALYSIS

Plaintiff raises three objections to the Court's ruling on willfulness: that the decision was based on grounds outside the adversarial issues presented, that there were manifest errors of law, and that there were manifest errors of fact.

Plaintiff first argues that the question of subjective willfulness was raised outside of the adversarial issues presented. However, Plaintiff was the first to call attention to the new standard for willful infringement and merely argued that the objective evidence Defendants presented was no longer enough to foreclose willfulness. *See* (Dkt. 301, pp. 14-15.) Plaintiff did not argue that Defendants' conduct was subjectively willful or present any facts in their Statement of Additional Facts showing evidence that it was. Plaintiff now argues that it has evidence showing

willful infringement; but that evidence could, and should, have been raised in the response brief and Statement of Additional Facts. *Marmi E. Graniti D'Italia Sicilmarmi S.p.A. v. Universal Granite & Marble*, 757 F. Supp. 2d 773, 781 (N.D. Ill. 2010) (holding a motion to reconsider is not "a vehicle to raise new arguments, introduce evidence that could and should have been adduced earlier, or reargue that which was previously considered").
Plaintiff also argues that Defendants improperly raised subjective willfulness for the first time in their reply brief; the arguments regarding subjective willfulness were first made in the reply because Plaintiff raised the argument in its response. *See Novosteel SA v. U.S., Bethlehem Steel Corp.*, 284 F.3d 1261, 1274 (Fed. Cir. 2002) ("reply briefs reply to arguments made in the response brief"). Plaintiff raised the issue that the test for willful infringement had changed; the Court did not raise the issue itself outside of the adversarial process.

Plaintiff correctly points out that the incorrect legal standard was applied. The Supreme Court made clear that a preponderance of the evidence standard is applicable to willfulness and enhanced damages. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1934 (2016). However, the point remains that Plaintiff did not present any facts showing Defendants' conduct was "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or − indeed − characteristic of a pirate." *Halo Elecs., Inc.*, 136 S. Ct. at 1932. Three of Plaintiff's Statement of Additional Facts touched on willful infringement. Plaintiff presented an e-mail in which: "Defendants asked for an Apex employee to 'please study this design and determine how difficult it may be to make a Craftsman version of this tool with similar or better performance *that does not infringe upon LoggerHead's patents*.'" (PSOF, ¶ 1) (emphasis added). Plaintiff's additional facts included an Apex employee testifying that reverse engineering is "taking a

3

product apart and redesigning it or replicating the design." (*Id.* ¶ 2.) Plaintiff also noted that Apex conducted tests on the Bionic Wrench and noted things such as "construction, operation, dimensions, max generated user torque on different hex mandrel sizes, for what size mandrels the jaws would rotate over the mandrel corners." (*Id.* ¶ 3.) None of these facts show that Defendants' conduct was "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or − indeed − characteristic of a pirate." *Halo Elecs., Inc.*, 136 S. Ct. at 1932. The e-mail, in fact, shows that Defendants were trying to avoid infringing the patents at issue.

Plaintiff also argues that the Court incorrectly gave dispositive weight to Apex's consultation with a patent attorney. Ongoing consultation with a patent lawyer remains a consideration and is "highly probative evidence of good faith." *Braun Inc. v. Dynamics Corp. of Am.*, 975 F.2d 815, 822 (Fed. Cir. 1992) (citing *Radio Steel & Manufacturing Co. v. MTD Products, Inc.,* 788 F.2d 1554, 1559 (Fed. Cir. 1986)). As previously discussed, Apex consulted with a patent attorney on several occasions throughout the design process. (DSOF ¶ 30.) And patent counsel issued a noninfringement opinion before this litigation began. (*Id.*) Plaintiff disputes this fact by stating that the opinions of the patent attorney came before the MALW was finalized: "Apex's Opinion Counsel stated he offered two opinions, a letter on March 8, 2012 and an email on June 1, 2012. . . . Final production drawings of the MALW are dated October 24, 2012, over three months after Apex's opinion counsel stated he last provided an opinion." (*Id.*) However, Plaintiff never argued that the design the patent attorney signed off on and the final design were different in any material respect. This is not dispositive evidence of a lack of willfulness, but it is highly probative evidence; and, as previously discussed, Plaintiff

4

presented no evidence showing subjective or objective willfulness.[1] There was simply no evidence that either of Defendants' conduct was egregious or willful misconduct. *Halo Elecs., Inc.*, 136 S. Ct. at 1934.

Plaintiff also argues that willfulness should be decided by a jury. The Federal Circuit has held that a factual question of willfulness should be decided by a jury. *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) (citing *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1250 (Fed. Cir. 1989) ("Absent sufficient basis for directing the verdict, Richardson has the right of jury determination of this factual question. Willfulness of behavior is a classical jury question of intent. When trial is had to a jury, the issue should be decided by the jury.")). However, "the right to a jury trial exists only when there is some genuine issue of material fact to be determined." *Keeby v. Cohn*, 40 F. App'x 290 (7th Cir. 2002) citing (*Fid. & Deposit Co. v. United States*, 187 U.S. 315, 319–21 (1902); *United States v. Stangland*, 242 F.2d 843, 848 (7th Cir. 1957)). As discussed above, there is no genuine issue of material fact to be determined on the subject of willfulness.

---

[1] In response to one of Defendants' facts, Plaintiff stated: "during the course of design and testing, Apex abandoned certain key elements that it or its attorney had previously identified as identical to the Buchanan Patent for purposes of creating an allegedly non-infringing alternative." (*Id.* ¶ 29.) However, that does not mean that those elements were changed to more closely follow the Bionic Wrench design.

## CONCLUSION

Plaintiff's Motion to Reconsider [379] the Court's order, granting summary judgment for Defendants on willfulness, is denied.

Date: _____11/15/2016_____   /s/ _____
JOHN W. DARRAH
United States District Court Judge